# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-20413
Summary Calendar

LOYD WRIGHT,
as Administrator of The Estate of Jimmie Lee O'Neal, Deceased,

Plaintiff-Appellant,

v.

HARRIS COUNTY,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Loyd Wright sued Harris County on behalf of Jimmie Lee O'Neal for violations of O'Neal's rights under the United States Constitution.  Wright appeals the denial of his challenge to a peremptory jury strike, and we affirm.

I.

O'Neal died shortly after leaving the custody of Harris County after an arrest for suspected possession of a controlled substance. Wright, as administrator of the estate, sued the county to recover wrongful death damages under 42 U.S.C. § 1983. At jury selection, the county used one of its peremptory strikes to eliminate Juror Number Eight, who was the only black venireman with a realistic chance to serve on the jury.

After the jury was called to the jury box, the district court asked whether there was any reason why it should not be empaneled. Wright asserted that striking Juror Number Eight violated Batson v. Kentucky, 476 U.S. 79 (1986). The county countered that it struck Number Eight because she had only a high school education and was "not paying attention" and was "mumbling to herself;" the county explained that because of the complexity of the case, it wanted jurors who had more than a high school education. Wright did not contend that the county's reasons were pretextual and did not otherwise rebut the explanation. The court denied the Batson challenge, and trial began.

Later that day, Juror Number Thirteen fell asleep during trial. On reviewing his questionnaire for any problem or conflict with his occupation that might explain his behavior, the court discovered that Number Thirteen, who is white, had not finished high school. The next day, the court called a bench conference to explain that its ruling on the Batson challenge "may have been erroneous," and it returned to counsel the juror questionnaires "for purposes of any appeal."

On the fifth day of trial, the jury returned a verdict for Harris County. After final judgment was entered, Wright moved for a new trial, reasserting the Batson challenge on the ground that the county's explanation was pretextual, given that Number Thirteen had not even finished high school. Wright did not respond to the county's second reason for the strike, that Number Eight appeared disinterested and was mumbling to herself. The county responded that it kept Number Thirteen because that juror had worked for the same employer

for thirty years and that the "school of hard knocks" counted in his favor, but Number Eight had been a bus driver for a local school district and appeared disinterested in the proceedings on more than one occasion.

The district court denied Wright's motion, finding sufficient evidence to support the verdict. Although the court reversed its earlier Batson ruling, finding that Harris County had "lied to the Court about their reasons for striking #8," the court found that there was sufficient evidence to support the verdict despite the erroneous Batson ruling.

## II.

Wright moved for a new trial under Federal Rule of Civil Procedure 59, which allows for a new trial under certain circumstances. A denial of a motion for a new trial under rule 59(a) is ordinarily not appealable. Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc., 62 F.3d 767, 774 (5th Cir. 1995); 12 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.51[1], at 59-136 (3d ed. 2008). "The only exception to this rule is when new matters arise after the entry of the judgment," Youmans v. Simon, 791 F.2d 341, 349 (5th Cir. 1986) (internal quotations and citations omitted), which is not the case here, because Wright had access to the juror questionnaires at the time of the county's explanation. Thus, we consider only the initial Batson ruling, and the usual standard of review is for clear error. Polk v. Dixie Ins. Co., 972 F.2d 83, 85 (5th Cir. 1992).

Wright waived his Batson claim, however, by failing to rebut the county's reasons for striking Juror Number Eight at the time he raised his claim. In United States v. Arce, 997 F.2d 1123, 1126-27 (5th Cir. 1993), we found that a failure to dispute an explanation to a Batson challenge results in waiver of that challenge. There, the government offered two reasons for its strike, but defendants contested only one of them. Therefore, "[b]y failing to dispute the prosecutor's . . . explanation in the district court, defendants have waived their right to object to it on appeal." Id. at 1127; see United States v. Rudas, 905 F.2d 38,

3

41 (2d Cir. 1990).

At the time he first raised the Batson challenge, Wright disputed neither of the county's reasons for the strike, even though he had access to the jurors' questionnaires that day and could have discerned that Juror Number Thirteen had not finished high school. Because he waited until the motion for new trial to rebut the county's explanation for the peremptory strike, the Batson challenge is waived. See Auster Oil & Gas, Inc. v. Stream, 835 F.2d 597, 601 (5th Cir. 1988) (holding that failure to raise an issue until a motion for new trial is waiver).

Accordingly, we AFFIRM the judgment and GRANT Wright's motion to supplement the record.